| In re: | Chapter 7 |
|---|---|
| LGI Energy Solutions, Inc., | Bky. Case No. 09-40665-RJK |
| and | |
| LGI Data Solutions Company, LLC, | Bky. Case No. 09-40666-RJK |
| Debtors. | |

## NOTICE OF HEARING AND MOTION FOR
## SUBSTANTIVE CONSOLIDATION OF CASES

1.      John R. Stoebner (the "Trustee"), the trustee of the Chapter 7 bankruptcy estate of debtors, LGI Energy Solutions, Inc. ("Energy") and LGI Data Solutions Company, LLC ("Data") (collectively the "Debtors"), moves the Court for the relief request below and gives Notice of Hearing herewith.

2.      The Court will hold a hearing on this motion at 9:30 a.m. on February 2, 2011 in Courtroom No. 8 West, U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, or as soon thereafter as counsel may be heard before the Honorable Robert J. Kressel.

3.      Local Rule 9006-1(b) provides deadlines for responses to this Motion. Any response to the Motion for must be filed and delivered not later than January 28, 2011, which is five (5) days before the time set for the hearing (including Saturdays, Sundays, and holidays). **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

4.      This Court has jurisdiction over this motion under 28 U.S.C. §§157 and 1334, Fed. R. Bankr. P. 5005 and local rules 1070-1 and 1073-1. This is a core proceeding.

Involuntary petitions were filed against each of the Debtors on February 6, 2009 and on March 3, 2009, orders for relief were entered by this Court in each of the cases.

5.　　　The Trustee seeks an Order substantively consolidating LGI Energy Solutions, Inc. and LGI Data Solutions Company, LLC under Bankruptcy Rule 1015 and 11 U.S.C. §105(a).

6.　　　In addressing the issue of substantive consolidation, many Courts have identified and considered seven factors.　See the cases cities on Page 2 of the Trustee's memorandum.　The following is a summary of these seven factors:

Factor 1:　　　The presence or absence of consolidated financial statements.

There are QuickBooks records with respect to Energy.　There are no QuickBook records with respect to Data, with the exception of one QuickBooks entry for $1.00.　A copy of the QuickBooks entry of $1.00 for Data is attached as **Exhibit A**.

Factor 2:　　　The unity of interest of an ownership between various corporate entities.

Both Energy and Data are 100% owned by Dean Leischow.　See the following comments from the first meeting of creditors:

Dean Leischow testified that he was:

Energy: President, CEO and sole shareholder of Energy (see Page 4 of the transcript).　A copy of selected pages of the transcript are attached as **Exhibit B**.

Data:　President, CEO and sole member of Data (see Page 3 of the transcript).　A copy of the transcript is attached as **Exhibit C**.

Factor 3:　　　The existence of parent and intercorporate guarantees on loans.

The only loans were loans to Energy by Marshall & Isley ("M&I") Bank.　Data was not a party to any of these loans.　See claim No. 1 filed by M&I in Data and claim No. 6 filed by M&I in Energy.　These claims are also summarized in Factor 4 below.

**Factor 4:** <u>The degree of difficulty involved in segregating and ascertaining individual assets and liabilities</u>.

<u>Funds in the Estates:</u>

The following is a summary of receipts and disbursements in the Energy and Data cases.

|                | Energy       | Data        |
|----------------|--------------|-------------|
| Receipts       | $347,478.30  | $64,114.99  |
| Disbursements  | $236,418.93  | $ 2,892.94  |
| Funds In Estate| $111,059.37  | $61,222.05  |

A copy of the receipts and disbursements for Energy is attached as **Exhibit D** and a copy of the receipts and disbursements for Data is attached as **Exhibit E**.

<u>Source of Funds in the Estates:</u>

The funds in the Energy estate include funds from bank accounts and also the net proceeds from the sale of inventory and other assets.

The funds in the Data estate relate to two items. The first is the close-out of M&I Bank Account No. 3105 with funds in the amount of $39,073.60. The second is funds in the amount of $25,000.00 from a settlement with Buffets, Inc. The settlement with Buffets relates back to funds that were initially held in M&I Bank Account No. 3116.

<u>Transfer of Bank Accounts from Energy to Data:</u>

As a part of the Trustee's investigation into the affairs of the Debtors, the Trustee has discovered that M&I Account No. 3105 and M&I Account No. 3116 were originally accounts in the name of Energy. The names on these accounts and the funds in the these accounts changed overnight from Energy to Data. It is unclear to the Trustee why funds and accounts were transferred from Energy to Data without any apparent consideration or explanation. The transfer of these accounts is also referenced by Buffets, Inc. in its memorandum in support of Buffet's motion for summary judgment in adversary proceeding No. 09-04196. See pages 7 through 9 in Doc 13 in this adversary proceeding.

Attached as **Exhibit F-1** is a copy of M&I Account 3105 for August 2008 in the name of Energy. Attached as **Exhibit F-2** is a copy of M&I Account No. 3105 for September 2008 in the name of Data.

Attached as **Exhibit G-1** is a copy of M&I Account 3116 for August 2008 in the name of Energy. Attached as **Exhibit G-2** is a copy of M&I Account No. 3116 for September 2008 in the name of Data.

<u>Duplicate Proof of Claims:</u>

A review of the claims filed in the two cases also indicates that the creditors were either not aware that there were two separate entities, and/or treated the two entities as one and the same. In the Data case, there are a total of 10 claims filed. For each of the 10 claims, the claimant filed a corresponding proof of claim in the Energy case. The only exception is the claim filed by M&I Bank in the Data case which is solely for attorney's fees billed to M&I Bank by the Leonard Street law firm relating to the Buffets, Inc. litigation. The claim filed by M & I Bank in the Energy case is for the amount owing on the various loans. A summary of the claims is set forth on **Exhibit H**.

<u>Formation and Business Activity of Data</u>:

Data was formed as a Minnesota limited liability company on March 11, 2008. Attached as **Exhibit I** is a copy of the BUSINESS ORGANIZATION INQUIRY from the Minnesota Secretary of State's Office. Data did not have any business activity separate from Energy as evidenced by the following testimony of Dean Leischow at the Data first meeting of creditors:

> "Q    So the only thing this entity did, in a sense, was have moneys put into accounts and then pay out those moneys; is that fair?
>
> A    Yes."

See **Exhibit C** pages 10 and 11.

As evidenced by the above testimony, Data had no real business independent of Energy.

<u>Tax Returns</u>.

Data has never filed a tax return (other than the 2009 return filed by the Trustee). Note that 2008 was the first year Data should have filed a return, since it was formed in 2008. Dean Leischow testified as follows at Data's first meeting of creditors:

> "Q    And do you know if anyone was working on preparing a 2008 tax return for LGI Data Solutions?
>
> A    I don't believe anyone is."

**Exhibit C** page 7.

Factor 5:    <u>The existence of transfers of assets without formal observance of corporate formalities</u>.

The obvious transfers in question were the transfers in the ownership of the accounts referenced in Factor 4 above. Overnight these accounts, which were "Energy" accounts, became "Data" accounts. These transfers were apparently

done without consideration and without the observance of corporate formalities.

Factor 6:      <u>Comingling of assets</u>.

The assets of the two estates were comingled by reason of the transfers of the bank accounts from Energy to Data.

Factor 7:      <u>Profitability of consolidation at a single physical location</u>.

This factor does not appear to be applicable to this situation.

Other Factors:  <u>Prejudice to Creditors</u>.

Where the assets of Data are in reality, the assets of Energy, and where there are no creditors making claims in the Data case that have also not filed a claim in the Energy case, it is appropriate to substantively consolidate these two cases, to avoid prejudice to creditors in the Energy case, and also to streamline the Trustee's administration of the cases.

As evidenced by the duplicate claims filed in the two cases, the creditors for the most part considered the two companies one and the same. Boddie Noell Enterprises filed claim No. 5 in Data in the amount of $25,276.62 and claim No. 70 in Energy in the same amount. These are duplicate claims and represent the attorney's fees incurred in preparing the involuntary petition. These duplicate claims evidence the fact that the creditors and their attorneys viewed the two debtors as one and the same. Note the language in claim No. 7 filed by Wendy's International: **"LGI may have transferred some or all of the above described funds to the debtor. As such Wendy's filed these claims against the debtor as a protective matter."**

7.      Pursuant to Local Rule 9013-2(c), the Trustee gives notice that he may, if necessary, call John R. Stoebner, Trustee, to testify with respect to the factual matters contained in this Motion.

8.      <u>Notice</u>. Bankruptcy Rule 2002 does not required notice to all creditors and parties in interest relative to a motion for substantive consolidation. However, given the fact that substantive consolidation impacts all of the creditors, the Trustee has served a notice of hearing on motion of trustee to substantively consolidated cases on all creditors and parties in interest with respect to both cases.

WHEREFORE, the Trustee respectfully moves the Court for an Order substantively consolidating the above cases consistent with the attached proposed Order, and finding notice of this Motion to be adequate.


Dated:  January 7, 2011             LAPP, LIBRA, THOMSON,
                                      STOEBNER & PUSCH, CHARTERED

                                      */e/ Rosanne H. Wirth*
                                      Rosanne H. Wirth (#0137479)
                                      One Financial Plaza, Suite 2500
                                      120 South Sixth Street
                                      Minneapolis, MN  55402
                                      (612) 338-5815

                                      ATTORNEYS FOR TRUSTEE


### VERIFICATION

The undersigned declares under the penalty of perjury that the facts contained in the foregoing Motion are true and correct to the best of my knowledge, information and belief.

                                      /e/ John R. Stoebner
                                      John R. Stoebner

## INDEX OF EXHIBITS

| Exhibit | Description |
|---------|-------------|
| A | QuickBooks Entry of $1.00 for Data |
| B | Pages 1-4 of Transcript of 1st Meeting of Creditors of Energy Case |
| C | Transcript of 1st Meeting of Creditors of Data Case |
| D | Receipts and Disbursements for Energy |
| E | Receipts and Disbursements for Data |
| F-1 | M&I Account 3105 for August 2008 in the name of Energy |
| F-2 | M&I Account No. 3105 for September 2008 in the name of Data |
| G-1 | M&I Account 3116 for August 2008 in the name of Energy |
| G-2 | M&I Account No. 3116 for September 2008 in the name of Data |
| H | Summary of Duplicate Proof of Claims |
| I | BUSINESS ORGANIZATION INQUIRY from the Minnesota Secretary of State's Office |

**EXHIBIT A**

# Data Solutions LLC
# Balance Sheet
### As of June 30, 2009

|  | Jun 30, 09 |
|---|---|
| **ASSETS** | |
| Current Assets | |
| Checking/Savings | |
| 1 · Bank1 | -1.00 |
| **Total Checking/Savings** | -1.00 |
| **Total Current Assets** | -1.00 |
| **TOTAL ASSETS** | -1.00 |
| **LIABILITIES & EQUITY** | |
| Equity | |
| 32000 · Members Equity | -1.00 |
| **Total Equity** | -1.00 |
| **TOTAL LIABILITIES & EQUITY** | -1.00 |

EXHIBIT

A

# Data Solutions LLC
# Profit & Loss
## As of June 30, 2009

| | Jun 30, 09 |
|---|---|
| **Other Income/Expense** | |
| **Other Expense** | |
| 80000 · Ask My Accountant | 1.00 |
| **Total Other Expense** | 1.00 |
| **Net Other Income** | -1.00 |
| **Net Income** | **-1.00** |

# Data Solutions LLC
# General Ledger
## All Transactions

| Type | Date | Num | Adj | Name | Memo | Split | Debit | Credit | Balance |
|------|------|-----|-----|------|------|-------|-------|--------|---------|
| **1 · Bank1** | | | | | | | | | |
| Bill Pmt -Check | 5/15/2008 | 1 | | Dummy | | 20000 · Accou... | | 1.00 | -1.00 |
| Total 1 · Bank1 | | | | | | | 0.00 | 1.00 | -1.00 |
| **11000 · Accounts Receivable** | | | | | | | | | |
| Total 11000 · Accounts Receivable | | | | | | | | | 0.00 |
| **12100 · Inventory Asset** | | | | | | | | | |
| Total 12100 · Inventory Asset | | | | | | | | | 0.00 |
| **15000 · Furniture and Equipment** | | | | | | | | | |
| Total 15000 · Furniture and Equipment | | | | | | | | | 0.00 |
| **17000 · Accumulated Depreciation** | | | | | | | | | |
| Total 17000 · Accumulated Depreciation | | | | | | | | | 0.00 |
| **20000 · Accounts Payable** | | | | | | | | | |
| Bill | 5/15/2008 | 123 | | Dummy | | 80000 · Ask M... | | 1.00 | -1.00 |
| Bill Pmt -Check | 5/15/2008 | 1 | | Dummy | | 1 · Bank1 | 1.00 | | 0.00 |
| Total 20000 · Accounts Payable | | | | | | | 1.00 | 1.00 | 0.00 |
| **24000 · Payroll Liabilities** | | | | | | | | | |
| Total 24000 · Payroll Liabilities | | | | | | | | | 0.00 |
| **30000 · Opening Balance Equity** | | | | | | | | | |
| Total 30000 · Opening Balance Equity | | | | | | | | | 0.00 |
| **30700 · Members Draw** | | | | | | | | | |
| Total 30700 · Members Draw | | | | | | | | | 0.00 |
| **32000 · Members Equity** | | | | | | | | | |
| Total 32000 · Members Equity | | | | | | | | | 0.00 |
| **47900 · Sales** | | | | | | | | | |
| Total 47900 · Sales | | | | | | | | | 0.00 |
| **50000 · Cost of Goods Sold** | | | | | | | | | |
| Total 50000 · Cost of Goods Sold | | | | | | | | | 0.00 |
| **60000 · Advertising and Promotion** | | | | | | | | | |
| Total 60000 · Advertising and Promotion | | | | | | | | | 0.00 |
| **60200 · Automobile Expense** | | | | | | | | | |
| Total 60200 · Automobile Expense | | | | | | | | | 0.00 |
| **60400 · Bank Service Charges** | | | | | | | | | |
| Total 60400 · Bank Service Charges | | | | | | | | | 0.00 |

# Data Solutions LLC
## General Ledger
### All Transactions

| Type | Date | Num | Adj | Name | Memo | Split | Debit | Credit | Balance |
|------|------|-----|-----|------|------|-------|-------|--------|---------|
| 61700 · Computer and Internet Expenses | | | | | | | | | |
| Total 61700 · Computer and Internet Expenses | | | | | | | | | 0.00 |
| 62400 · Depreciation Expense | | | | | | | | | |
| Total 62400 · Depreciation Expense | | | | | | | | | 0.00 |
| 63300 · Insurance Expense | | | | | | | | | |
| Total 63300 · Insurance Expense | | | | | | | | | 0.00 |
| 63400 · Interest Expense | | | | | | | | | |
| Total 63400 · Interest Expense | | | | | | | | | 0.00 |
| 64300 · Meals and Entertainment | | | | | | | | | |
| Total 64300 · Meals and Entertainment | | | | | | | | | 0.00 |
| 64900 · Office Supplies | | | | | | | | | |
| Total 64900 · Office Supplies | | | | | | | | | 0.00 |
| 66000 · Payroll Expenses | | | | | | | | | |
| Total 66000 · Payroll Expenses | | | | | | | | | 0.00 |
| 66700 · Professional Fees | | | | | | | | | |
| Total 66700 · Professional Fees | | | | | | | | | 0.00 |
| 67100 · Rent Expense | | | | | | | | | |
| Total 67100 · Rent Expense | | | | | | | | | 0.00 |
| 67200 · Repairs and Maintenance | | | | | | | | | |
| Total 67200 · Repairs and Maintenance | | | | | | | | | 0.00 |
| 68100 · Telephone Expense | | | | | | | | | |
| Total 68100 · Telephone Expense | | | | | | | | | 0.00 |
| 68400 · Travel Expense | | | | | | | | | |
| Total 68400 · Travel Expense | | | | | | | | | 0.00 |
| 68600 · Utilities | | | | | | | | | |
| Total 68600 · Utilities | | | | | | | | | 0.00 |
| 80000 · Ask My Accountant | | | | | | | | | |
| Bill | 5/15/2008 | 123 | | 030-6020-E1 Boo-E1 | 8991222003-E | 20000 · Accou... | 1.00 | | 1.00 |
| Total 80000 · Ask My Accountant | | | | | | | 1.00 | 0.00 | 1.00 |
| No accnt | | | | | | | | | |
| Total no accnt | | | | | | | | | 0.00 |
| **TOTAL** | | | | | | | **2.00** | **2.00** | **0.00** |

**EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                    Chapter 7
                    Bky Case No. 09-40665-RJK
LGI Energy Solutions, Inc.,

        Debtor.


June 1, 2009
First Meeting of Creditors

Trustee: John Stoebner, Esq.
        Lapp, Libra, Thomson, Stoebner & Pusch
        One Financial Plaza, Suite 2500
        120 South 6th Street
        Minneapolis, MN 55402
        (612) 338-5815

Transcribed on August 20th, 2009 by:
        Laurie Carlos
        Aaron Reporting
        4250 152nd Avenue NW, Andover, MN 55304
        (763) 576-8832

INDEX

EXAMINATION BY:
    Mr. Stoebner:  Page  3
    Mr. Mohrman:   Page  55
    Mr. Bernardo:  Page  76
    Mr. Crockett:  Page  98
    Ms. Swedberg:  Page 100
    Mr. Mohrman:   Page 121
    Mr. Stoebenr:  Page 123
    Mr. Crockett:  Page 128


OBJECTIONS BY:
    Mr. Skolnick:  Pages 83, 119, 122

1    MR. STOEBNER:  All right.  We are here this
2  afternoon for the first meeting of creditors in the
3  case of LGI Energy Solutions, Inc., we are going to
4  begin with that case.  We are also here for the first
5  meeting of creditors for LGI Data Solutions, LLC, and
6  we will have that first meeting following the Energy
7  Solutions case.  This is case number 09-40665.  And
8  who's going to be testifying on behalf of the debtor?
9    MR. SKOLNICK:  Good afternoon, Mr. Stoebner.
10  William Skolnick on behalf of Dean Leischow.  Mr.
11  Leischow is here to testify on behalf of the debtor.
12    MR. STOEBNER:  And you represent
13  Mr. Leischow, but not the debtor, correct?
14    MR. SKOLNICK:  Correct.
15    MR. STOEBNER:  All right.  If you want to
16  have a seat right here.  Actually, we will have
17  Mr. Leischow sit right there and Mr. Skolnick at the
18  end perhaps.
19    Any creditor that's here that would like to
20  have their appearance noted in the record, I'm going
21  to ask that you sign this fancy legal pad.  If you
22  just want to pass that around the room, and then I'm
23  going to -- we should have some extra pens here.  If
24  anyone needs a pen, hopefully you'll share, otherwise
25  I do have an extra one up here.  If I could just have

1  a show of hands from anyone who's intending to ask
2  questions today just so I have an idea of how long we
3  may be proceeding.  All right.  While that's
4  circulating, we're going to begin.
5    And, Mr. Leischow, would you raise your right
6  hand.
7    Do you solemnly swear or affirm to tell the
8  truth, the whole truth and nothing but the truth?
9    THE WITNESS:  I do.
10
11        EXAMINATION
12  BY MR. STOEBNER:
13  Q   And would you state your full name for the record.
14  A   Dean Leischow.
15  Q   And your position with the debtor was what?
16  A   President and CEO.
17  Q   And were you the sole shareholder of this
18  corporation?
19  A   Yes.
20  Q   Okay.  When was this corporation formed?
21  A   It was '95 or '6.
22  Q   1995 or 1996?
23  A   Correct, yeah.
24  Q   And it is an Illinois corporation; is that correct?
25  A   Yes.

EXHIBIT
B

**EXHIBIT C**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                  Chapter 7
            Bky Case No. 09-40665-RJK
LGI Data Solutions, Inc.,

            Debtor(s).


June 1, 2009
First Meeting of Creditors

Trustee:  John Stoebner, Esq.
    Lapp, Libra, Thomson, Stoebner & Pusch
    One Financial Plaza, Suite 2500
    120 South 6th Street
    Minneapolis, MN 55402
    (612) 338-5815

Transcribed on August 24th, 2009 by:
    Laurie Carlos
    Aaron Reporting
    4250 152nd Avenue NW, Andover, MN 55304
    (763) 576-8832

---

### INDEX

EXAMINATION BY:
Mr. Stoebner:  Page  3
Mr. Mohrman:   Page 13
Mr. Stoebenr: Page 15


OBJECTIONS BY:
None

---

1    MR. STOEBNER:  Now we're going to start the
2  first meeting of creditors for LGI Data Solutions,
3  LLC.
4    I guess we will have to swear you in a
5  second time, Mr. Leischow.  Would you raise your
6  right hand.
7    Do you solemnly swear or affirm to tell the
8  truth, the whole truth and nothing but the truth?
9    THE WITNESS:  I do.
10
11    EXAMINATION
12  BY MR. STOEBNER:
13  Q   And you are appearing here today to testify on behalf
14    of LGI Data Solutions, LLC; is that correct?
15  A   Yes.
16  Q   And what was your title with that entity?
17  A   President and CEO.
18  Q   And were you the sole member of that LLC?
19  A   Yes.
20  Q   When was this LLC formed?
21  A   Early of 2008.
22  Q   And what was the nature and location of this
23    particular business?
24  A   The location was joint offices with LGI Energy
25    Solutions.  The nature of the business was the Data

---

1    component of LGI's business, which was collecting the
2    data on the bills and processing bills.
3  Q   So is it fair to say that LGI Data Solutions was
4    intended to deal strictly with the collecting moneys
5    and paying utility bills?
6  A   That was one of the components.  The other components
7    would be collecting the data and preparing all of the
8    reports that some of our clients were paying for.
9  Q   So the reports that were derived from the EMS?
10  A   EMS and the data off utility bills.
11  Q   Okay.  Essentially, it was designed then to provide
12    this service to customers of LGI Energy Solutions,
13    correct?
14  A   Eventually, yes.
15  Q   Did LGI Data Solutions, LLC enter into any direct
16    contracts with any of the other customers of LGI
17    Energy?
18  A   It did not.
19  Q   Were there any written contracts entered into between
20    the two debtor entities?
21  A   There was not.
22  Q   Okay.  Where did LGI Data Solutions, LLC bank?
23  A   M&I Bank.
24  Q   Anywhere else?
25  A   No.

1  Q  And what was the source of funding for LGI Data
2    Solutions?
3  A  LGI Energy Solutions.
4  Q  So it didn't receive funds directly from the
5    customers, it would have received all of its funding
6    through LGI Energy Solutions?
7  A  Towards the end of our business, the last -- I believe
8    it was only November and part of December, it was
9    receiving funds from the customers directly into their
10    accounts.
11  Q  All right.  Was there ever a point in time where LGI
12    Energy ceased doing that sort of business and LGI Data
13    did all of that business, or were they acting
14    coterminously?
15  A  It was pretty much coterminously.  We didn't really
16    complete the transition 100 percent because we didn't
17    really have time.
18  Q  How did you select which customers LGI Data Solutions
19    would service?
20  A  Well, we didn't, really.  It was just, when we
21    switched the accounts over, it was all or nothing kind
22    of deal.  They weren't separated in a manner that you
23    could really do that.
24  Q  Mechanically, what did you do when you formed this
25    LLC; did you then open bank accounts at M&I?

1  A  We did.  It was formed considerably before we opened
2    the bank account, but as soon as we decided we were
3    going to make the transition over, we did open a bank
4    account at M&I to do that.
5  Q  How many accounts were ultimately opened at M&I for
6    this entity?
7  A  I believe only one, but as that document illustrated
8    that we had, it's several in the way they performed
9    their business, but really there was just one
10    account.
11  Q  So, to the best of your knowledge, LGI Data Solutions
12    had only one bank account throughout its existence?
13  A  Right.
14  Q  And that was an account at M&I?
15  A  Yes.
16  Q  Okay.  So it would receive moneys.  Who determined
17    what moneys to transfer from LGI Energy Solutions to
18    LGI Data Solutions?
19  A  That would be Janet Noel kept a report that would
20    indicate what funds were coming into LGI Energy
21    Solutions which were then going to be paid on checks
22    written from LGI Data Solutions, so she would send
23    that to Scott or I.
24  Q  Did LGI Data Solutions terminate its business at the
25    same time as LGI Energy?

1  A  Yes, it did.
2  Q  And do you know if anyone was working on preparing a
3    2008 tax return for LGI Data Solutions?
4  A  I don't believe anyone is.
5  Q  Did LGI Data Solutions use any outside accountants?
6  A  I believe Blanski was the same firm that looked at
7    some of their accounts.  But, no, we didn't have
8    anyone particularly retained, we didn't really give
9    anyone a chance to.
10  Q  Did this entity obtain a tax identification number?
11  A  I believe it did, yes.
12  Q  Do you know who may have done that?
13  A  I believe Scott Bailey or our attorney at the time
14    would have done that.
15  Q  And who was your attorney at the time?
16  A  It would have been John Watson.
17  Q  Okay.  I guess I'm a little confused.  Do you know if
18    any accounting information was ever given by this
19    entity to Blanski?
20  A  Um, not by me, but I know they had full access to our
21    records.  I believe they got all the bank statements
22    from M&I, for certain.
23  Q  Where would the accounting books and records for this
24    entity be?
25  A  In the records taken by M&I.

1  Q  Do you personally have any accounting records relating
2    to LGI Data Solutions?
3  A  I do not.
4  Q  Did LGI Data Solutions use an accounting software?
5  A  Yes.
6  Q  Was it Quick Books?
7  A  That's the only accounting we had, yeah, was Quick
8    Books.
9  Q  Okay.  And was Mr. Bailey the controller for LGI Data
10    Solutions also?
11  A  He performed that function, yes.
12  Q  Did LGI Data Solutions have any employees?
13  A  No -- well, yes, that's not true, yes, it did.  Right
14    at the end, very close to the time we quit doing
15    business, the employees were transferred over and
16    their payroll was done separately through ADP, and so
17    they were employees of Data solutions for the last
18    month or two.
19  Q  Which employees, do you know?
20  A  All of them that would have been in that utility bill
21    processing group.
22  Q  And you believe ADP would have done their payroll
23    separate from LGI Energy's?
24  A  Yes, towards the end, they did.
25  Q  Do you know if W-2s were issued to those employees?

1   A   I believe they were, yes.

2   Q   Do you know if any of those employees worked at all

3       during the year 2009 for this entity?

4   A   They did not.

5   Q   Are you aware if any money or property that was taken

6       from this entity within the 90 days prior to February

7       6th of 2009 by any creditor?

8   A   No -- hold on. That's not true. The bank account

9       that M&I swept would have been their bank account.

10   Q   Did LGI Data Solutions have a separate loan agreement

11       with M&I Bank?

12   A   No.

13   Q   So when you say M&I would have swept their account,

14       would that have been to apply it to a debt of LGI

15       Energy?

16   A   Yes.

17   Q   Is that an arrangement that you had okayed?

18   A   No.

19   Q   Did you have any discussions with anyone at M&I Bank

20       concerning the sweeping of any accounts owned by LGI

21       Data Solutions?

22   A   Yes.

23   Q   And who did you talk to there?

24   A   Todd Singer.

25   Q   And what was the substance of those discussions?

1   A   It was a general discussion about sweeping both the

2       Data Solutions account and the LGI Energy Solutions

3       account, they were upset with the fact that he did it

4       and didn't think he should.

5   Q   And were those moneys restored?

6   A   They were not.

7   Q   Now, the schedules that were filed in this case which

8       were based on, I think, the only available information

9       to the petitioning creditors would indicate that there

10       were three M&I Bank accounts with balances of

11       approximately $2.9 million as of December 31, 2008.

12       Do you believe that's accurate?

13   A   It sounds about right, yeah.

14   Q   Okay. And what would have happened with that money

15       since December 31 of 2008?

16   A   Other than the moneys that M&I took, it would have

17       been used to pay utility bills.

18   Q   So do you believe that, as of February 6th, 2009,

19       there was no longer any money in any of these bank

20       accounts?

21   A   Yes, that's correct.

22   Q   Are you aware of any other assets that this entity

23       owns?

24   A   I don't believe they own any.

25   Q   So the only thing this entity did, in a sense, was

1       have moneys put into accounts and then pay out those

2       moneys; is that fair?

3   A   Yes.

4   Q   And were any of these payments for any other purpose

5       other than paying utility bills?

6   A   Not for Data Solutions. The payroll, utilities. I

7       don't believe there was anything else.

8   Q   I believe you testified earlier today in the meeting

9       of creditors for LGI Energy that one of the reasons

10       you established this separate company was to meet some

11       sort of auditing standard. I guess if you could

12       explain that to me a little bit.

13   A   There's some of our customers required of their

14       subcontractors that these subcontractors provide them

15       with a SAS 70 Report, and so it's some level of audit.

16       And we couldn't provide that. And in most cases we

17       would just say, no we can't provide that. A customer

18       such as Wendy's would demand it, and so we told them

19       we would find a way to get that. And one of the ways

20       to do it was to segment the companies, and we were

21       partnering with another firm, and they were going to

22       provide the back office processing, and then through

23       them partnering with us we would be able to get this

24       level of auditing approval and be able to provide that

25       to Wendy's and other customers that we were going

1       after that would require that.

2   Q   And who was this other partnering company?

3   A   It was a firm that -- used to be McGladly's

4       Out-Sourcing Group, it was bought by an Indian firm

5       called Quatro, and Quatro was the firm that approached

6       us and said, you know what, we can handle all this

7       processing for you and do it better.

8   Q   And was LGI Data Solutions counseled by any outside

9       attorney through this process?

10   A   We didn't get to the point where we were going to

11       enter into a contract with Quatro. Towards the end of

12       our relationship, they asked for a letter of intent,

13       we never went beyond that, so we didn't take it to our

14       attorneys.

15   Q   Were you aware if LGI Data Solutions, LLC made any

16       payments outside the ordinary course of its business

17       within the 90 days prior to February 6th of 2009?

18   A   (No audible response).

19   Q   Did this entity transfer any moneys or other

20       properties to any creditor within the same 90 days?

21   A   No.

22   Q   Were there any transfers of any type by this entity to

23       you within the year prior to February 6th, 2009?

24   A   No.

25   Q   Did you receive any sort of salary from this entity?

1  A   I did not.
2  Q   Did you receive payments of any bonuses?
3  A   No.
4  Q   So is it your testimony that you personally never
5      received any funds from this entity?
6  A   That's correct.
7  Q   Are you aware of any transfers by this entity of any
8      funds or assets to any of your immediate family
9      members?
10 A   No.
11 Q   Are you aware of any transfers by this entity to Gaia
12     Leasing within its existence?
13 A   No.
14 Q   What sort of financial reports if any were prepared
15     internally with respect to this entity?
16 A   The only thing that was prepared on rather a daily
17     basis, the inflows of funds and the outflows of funds
18     that were maintained on spreadsheets and on our bank
19     documents. We couldn't complete the final quarter and
20     so it was never finished.
21 Q   And was it Mr. Bailey that prepared those?
22 A   Janet Noel and Scott Bailey.
23 Q   Okay. Did this entity loan any money to anyone that
24     you're aware of?
25 A   No.

1  Q   Are you aware of any claims this entity may have
2      against anyone else?
3  A   No.
4  Q   That it's owed money by any third party?
5  A   No.
6          MR. STOEBNER: All right. I shutter to ask,
7      but Mr. Mohrman, do you have any questions?
8          MR. MOHRMAN: No.
9          MR. STOEBNER: Any other creditors present
10     that would wish to ask questions of this debtor?
11         MR. MOHRMAN: Actually, I do have one.
12         MR. STOEBNER: I knew you had to.
13         MR. MOHRMAN: And you're shuttering.
14
15              EXAMINATION
16 BY MR. MOHRMAN:
17 Q   Mr. Leischow, there was indication in records from M&I
18     Bank of check-cutting activity that was going on with
19     LGI's account in November of 2008. Do you know what
20     that was -- what M&I Bank was referring to?
21 A   I think they thought that was taking place because of
22     the transfers that were going back and forth between
23     the U.S. Bank account and ours, but they asked for
24     documents, we provided them, it was a dead issue.
25

1              EXAMINATION
2  BY MR. STOEBNER:
3  Q   I'm trying to figure out, when did you totally end the
4      banking relationship with U.S. Bank? And I guess by
5      "you" I mean LGI Energy Solutions and/or LGI Data
6      Solutions.
7  A   Data Solutions never had a banking relationship with
8      U.S. Bank. And I believe the accounts with U.S. Bank
9      for LGI Energy Solutions were closed first week or two
10     in November of '08.
11 Q   So is it your testimony there was no more activity
12     whatsoever between LGI Energy Solutions and U.S. Bank
13     after that point in time?
14 A   Right. Well, the investment account was still there
15     with a line of credit for the bond and that's it.
16 Q   Okay. The bond that's related to that litigation?
17 A   Yes.
18 Q   How is that structured; in other words, are there
19     assets at U.S. Bank that are used to secure that
20     bond?
21 A   CDs. We put cash in an account and they convert it to
22     a CD account.
23 Q   And that's subject to the terms of that bond?
24 A   Yeah.
25 Q   Do you believe there's any excess money in that

1      account?
2  A   No.
3  Q   And what was the purpose for continuing a banking
4      relationship with U.S. Bank after you had established
5      the new relationship with M&I Bank?
6  A   Um, we really liked working with M&I Bank. We tried
7      as long as we could not to transfer our accounts.
8  Q   You mean U.S. Bank?
9  A   That's what I meant, U.S. Bank. And had thought about
10     not transferring all of our accounts to M&I Bank but
11     we were really sort of forced to at the end, since was
12     pretty much transfer them or we'll pull your line.
13 Q   Now, did U.S. Bank pull their line?
14 A   No. We had a line with U.S. Bank, but when we got the
15     line with M&I Bank, had to be paid off and
16     terminated.
17 Q   Here's my question: If you liked U.S. Bank, why did
18     you move from U.S. Bank to M&I Bank?
19 A   M&I Bank at the time was willing to give us a credit
20     line of three and a half million dollars that U.S.
21     Bank wasn't, and we had to do what we had to do.
22 Q   So how large was the credit line at U.S. Bank?
23 A   One million.
24 Q   And did you ask, or did LGI Energy ask, to increase
25     that line?

1  A  We did.

2  Q  And U.S. Bank refused?

3  A  Correct.

4  Q  Who was your primary bank contact at U.S. Bank?

5  A  Lisa Podem (ph).

6  Q  All right. And she's located locally here, I

7     presume?

8  A  800 Nicollet.

9        MR. STOEBNER: All right. I have no other

10   questions. I have a few issues I may want to address

11   with you, Mr. Skolnick, but we can do that outside of

12   this proceeding, but we do need to tie up some lose

13   ends with these vehicles.

14       MR. SKOLNICK: In addition, there's a

15   Chrysler 300 in your future.

16       MR. STOEBNER: I think, although I haven't

17   verified this because I just learned of this recently,

18   that that may be a leased vehicle.

19       MR. SKOLNICK: I think it is, actually.

20       MR. STOEBNER: And then you have the

21   Navigator which may have some equity, and perhaps the

22   other two don't, but we can address those issues.

23       MR. SKOLNICK: Thank you, Mr. Stoebner.

24       MR. STOEBNER: All right. With that, we will

25   be adjourned.

1        (Tape-recorded proceedings ended.)

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**EXHIBIT D**

# Receipts and Disbursements
## By Ledger Category

**Case:** LGI ENERGY SOLUTIONS, INC. (09-40665)

**Trustee:** John R. Stoebner  (430050)

**Submitted:** 01/04/11

**Period:** Through 01/04/11

# Receipts

## 1000 RECEIPTS

### 1121-000  Notes and Accounts Receivable (originally scheduled)

| | | | |
|---|---|---|---:|
| 05/26/09 Deposit: 100001-1 | 312235893265 | SUEZ ENERGY RESOURCES NA INC<br>ACCOUNTS RECEIVABLE | 55.13 |
| 08/03/09 Deposit: 100003-1 | 312235893265 | SUEZ ENERGY RESOURCES NA INC<br>ACCOUNTS RECEIVABLE | 68.67 |
| 12/31/09 Deposit: 100009-1 | 312235893265 | SUEZ ENERGY RESOURCES NA INC<br>ACCOUNTS RECEIVABLE | 42.21 |
| | | | 166.01 |

### 1129-000  Liquidation of Other Schedule B Personal Property (not listed above)

| | | | |
|---|---|---|---:|
| 05/04/09 Dep. Memo: 1 | 312235893265 | COMPUTERS<br>Dep. Adj.: VIA WIRE TRANSFER<br>PURCHASE OF ASSETS<br>Dep. Adj. amount is 200,000.00 | 100,000.00 |
| 05/04/09 Dep. Memo: 1 | 312235893265 | FURNITURE, FIXTURES, ETC.<br>Dep. Adj.: VIA WIRE TRANSFER<br>PURCHASE OF ASSETS<br>Dep. Adj. amount is 200,000.00 | 100,000.00 |
| 05/04/09 Dep. Adj.: 2 | 312235893265 | VIA WIRE TRANSFER<br>PURCHASE OF ASSETS | 65,000.00 |
| 06/23/09 Deposit: 100002-1 | 312235893265 | M&I BANK<br>CLOSE OUT ACCOUNT ENDING 3072 | 657.86 |
| | | | 265,657.86 |

### 1229-000  Liquidation of Other Personal Property

| | | | |
|---|---|---|---:|
| 10/14/09 Deposit: 100005-1 | 312235893265 | US BANK<br>BANK OF MONTREAL ACCOUNT:  PROCEEDS FROM LGI<br>ENERGY BMO CCB ACCOUNT | 40,369.80 |
| 10/16/09 Deposit: 100006-1 | 312235893265 | CUSTOMER CONTACT SERVICES<br>CREDIT BALANCE | 729.03 |
| 12/04/09 Deposit: 100007-1 | 312235893265 | AMERICAN ARBITRATION ASSOCIATION<br>REFUND OF UNUSED DEPOSITS:  RESOURCELINK<br>CORPORATION (CLAIMANT) AND LGI ENERGY SOLUTIONS<br>INC (RESPONDENT) | 12,610.00 |
| 12/22/09 Deposit: 100008-1 | 312235893265 | THE METROPOLITAN ST LOUIS SEWER DISTRICT<br>REFUND RE 1282 OLD ORCHARD ACCT 447908 | 520.79 |
| 12/22/09 Deposit: 100008-2 | 312235893265 | THE METROPOLITAN ST LOUIS SEWER DISTRICT<br>REFUND RE 11208 W FLORISSANT ACCT 431042 | 252.98 |
| 06/22/10 Dep. Adj.: 6 | 92000235893265 | CROCKETT TECHNOLOGY WIRE TRANSFER<br>PURCHASE OF INVENTORY | 4,000.00 |
| 06/29/10 Deposit: 100010-1 | 92000235893265 | EDWARD T GAVIN TRUSTEE | 267.85 |

**EXHIBIT**

**D**

# Receipts and Disbursements
## By Ledger Category

**Case:** LGI ENERGY SOLUTIONS, INC. (09-40665)

**Trustee:** John R. Stoebner (430050)

**Submitted:** 01/04/11

**Period:** Through 01/04/11

| | | | |
|---|---|---|---:|
| | | "FIRST" DISTRIBUTION -- AVADO BRANDS INC | |
| 06/29/10 Deposit: 100010-2 | 92000235893265 | EDWARD T GAVIN TRUSTEE | 37.18 |
| | | "FIRST DISTRIBUTION" -- AVADO BRANDS INC | |
| 06/29/10 Deposit: 100010-3 | 92000235893265 | EDWARD T GAVIN TRUSTEE | 5,417.56 |
| | | "FIRST DISTRIBUTION" -- AVADO BRANDS INC | |
| 07/23/10 Deposit: 100011-1 | 92000235893265 | HH LAND INVESTMENTS LLC | 5,000.00 |
| | | PURCHASE OF INVENTORY -- GOOD FAITH DOWN PAYMENT FOR OBJECTION TO ASSET SALE FILED BY D LEISCHOW | |
| 08/13/10 Deposit: 100012-1 | 92000235893265 | HH LAND INVESTMENTS | 5,500.00 |
| | | PURCHASE OF INVENTORY -- PER ORDER DATED AUGUST 4 2010 | |
| | | | 74,705.19 |

**1270-000  Interest Income (from estate bank accounts/investments - only)**

| | | | |
|---|---|---|---:|
| 05/29/09 Interest: 1 | 312235893267 | JPMORGAN CHASE BANK, N.A. | 7.65 |
| | | Interest posting at 0.0500% | |
| 05/29/09 Interest: 3 | 312235893265 | JPMORGAN CHASE BANK, N.A. | 1.71 |
| | | Interest posting at 0.0500% | |
| 06/30/09 Interest: 2 | 312235893267 | JPMORGAN CHASE BANK, N.A. | 9.80 |
| | | Interest posting at 0.0500% | |
| 06/30/09 Interest: 4 | 312235893265 | JPMORGAN CHASE BANK, N.A. | 1.73 |
| | | Interest posting at 0.0500% | |
| 07/31/09 Interest: 3 | 312235893267 | JPMORGAN CHASE BANK, N.A. | 9.49 |
| | | Interest posting at 0.0500% | |
| 07/31/09 Interest: 5 | 312235893265 | JPMORGAN CHASE BANK, N.A. | 1.68 |
| | | Interest posting at 0.0500% | |
| 08/31/09 Interest: 4 | 312235893267 | JPMORGAN CHASE BANK, N.A. | 0.92 |
| | | Interest posting at 0.0500% | |
| 08/31/09 Interest: 6 | 312235893265 | JPMORGAN CHASE BANK, N.A. | 1.69 |
| | | Interest posting at 0.0500% | |
| 09/30/09 Interest: 7 | 312235893265 | JPMORGAN CHASE BANK, N.A. | 1.75 |
| | | Interest posting at 0.0500% | |
| 10/30/09 Interest: 8 | 312235893265 | JPMORGAN CHASE BANK, N.A. | 2.72 |
| | | Interest posting at 0.0500% | |
| 11/30/09 Interest: 9 | 312235893265 | JPMORGAN CHASE BANK, N.A. | 3.68 |
| | | Interest posting at 0.0500% | |
| 12/31/09 Interest: 10 | 312235893265 | JPMORGAN CHASE BANK, N.A. | 4.10 |
| | | Interest posting at 0.0500% | |
| 01/29/10 Interest: 11 | 312235893265 | JPMORGAN CHASE BANK, N.A. | 3.97 |
| | | Interest posting at 0.0500% | |
| 02/26/10 Interest: 12 | 312235893265 | JPMORGAN CHASE BANK, N.A. | 3.82 |
| | | Interest posting at 0.0500% | |
| 03/16/10 Interest: 13 | 312235893265 | JPMORGAN CHASE BANK, N.A. | 2.25 |
| | | Current Interest Rate is 0.0500% | |
| 03/31/10 Interest: 2 | 92000235893265 | The Bank of New York Mellon | 2.98 |
| | | Interest posting at 0.0700% | |

# Receipts and Disbursements
## By Ledger Category

**Case:**    LGI ENERGY SOLUTIONS, INC. (09-40665)

**Trustee:**   John R. Stoebner (430050)

**Submitted:** 01/04/11

**Period:**     Through 01/04/11

| | | | |
|---|---|---|---:|
| 04/30/10 Interest: 3 | 92000235893265 | The Bank of New York Mellon<br>Interest posting at 0.0700% | 5.60 |
| 05/28/10 Interest: 4 | 92000235893265 | The Bank of New York Mellon<br>Interest posting at 0.0700% | 5.65 |
| 06/30/10 Interest: 5 | 92000235893265 | The Bank of New York Mellon<br>Interest posting at 0.0700% | 5.38 |
| 07/30/10 Interest: 7 | 92000235893265 | The Bank of New York Mellon<br>Interest posting at 0.0700% | 6.12 |
| 08/31/10 Interest: 8 | 92000235893265 | The Bank of New York Mellon<br>Interest posting at 0.0700% | 6.51 |
| 09/30/10 Interest: 9 | 92000235893265 | The Bank of New York Mellon<br>Interest posting at 0.0300% | 2.70 |
| 10/29/10 Interest: 10 | 92000235893265 | The Bank of New York Mellon<br>Interest posting at 0.0300% | 2.76 |
| 11/30/10 Interest: 1 | 92000235893219 | The Bank of New York Mellon<br>Interest posting at 0.0300% | 1.97 |
| 11/30/10 Interest: 11 | 92000235893265 | The Bank of New York Mellon<br>Interest posting at 0.0100% | 0.29 |
| 12/31/10 Interest: 2 | 92000235893219 | The Bank of New York Mellon<br>Interest posting at 0.0300% | 2.11 |
| 12/31/10 Interest: 12 | 92000235893265 | The Bank of New York Mellon<br>Interest posting at 0.0100% | 0.21 |

                                                                    99.24

**1290-000 Other Receipts**

| | | | |
|---|---|---|---:|
| 09/15/09 Deposit: 100004-1 | 312235893265 | US BANK<br>LINE OF CREDIT | 6,850.00 |

| | |
|---|---:|
| **Total for 1000** | **347,478.30** |

| | |
|---|---:|
| **Total Receipts:** | **347,478.30** |

# Disbursements

## 4000 SECURED CLAIMS

**4210-000 Pers. Prop. & Intangibles--Consensual Liens (UCC, chattel, PMSI)**

| | | | |
|---|---|---|---:|
| 07/31/09 Check: 1001 | 312235893267 | M&I MARSHALL & ILSLEY BANK<br>SECURITY INTEREST IN PROCEEDS OF THE SALE OF<br>ASSETS PER ORDER JULY 28, 2009 | 225,250.00 |

| | |
|---|---:|
| **Total for 4000** | **225,250.00** |

# Receipts and Disbursements
## By Ledger Category

**Case:** LGI ENERGY SOLUTIONS, INC. (09-40665)

**Trustee:** John R. Stoebner (430050)

**Submitted:** 01/04/11

**Period:** Through 01/04/11

## 2000 CH. 7 ADMINISTRATIVE FEES AND EXPENSES

**2300-000 Bond Payments**

| | | | |
|---|---|---|---:|
| 06/01/09 Check: 1001 | 312235893265 | INTERNATIONAL SURETIES, LTD.<br>BOND PREMIUM PAYMENT ON LEDGER BALANCE AS OF 06/01/2009 FOR CASE #09-40665, BOND #016018054 6/1/09 - 6/1/10 | 211.41 |
| 06/17/10 Check: 10102 | 92000235893266 | INTERNATIONAL SURETIES, LTD.<br>BOND PREMIUM PAYMENT ON LEDGER BALANCE AS OF 06/17/2010 FOR CASE #09-40665, BOND # 016018054 (6/1/10 TO 6/1/11) | 95.52 |
| | | | 306.93 |

**2410-000 Admin. Rent (post-petition storage fees, leases, etc.)**

| | | | |
|---|---|---|---:|
| 06/18/10 Check: 10103 | 92000235893266 | BEHRINGER HARVARD ONE FINANCIAL<br>STORAGE FOR NOVEMBER AND DECEMBER 2009, AND JAN, FEB, MARCH, APRIL, MAY, JUNE, JULY 2010 | 450.00 |
| 09/08/10 Check: 10104 | 92000235893266 | BEHRINGER HARVARD ONE FINANCIAL<br>STORAGE FOR AUGUST AND SEPTEMBER 2010 | 100.00 |
| 09/30/10 Check: 10105 | 92000235893266 | BEHRINGER HARVARD ONE FINANCIAL<br>STORAGE FOR OCTOBER 2010 | 50.00 |
| 10/27/10 Check: 10106 | 92000235893266 | BEHRINGER HARVARD ONE FINANCIAL<br>STORAGE FOR NOVEMBER 2010 | 50.00 |
| 11/24/10 Check: 10107 | 92000235893266 | BEHRINGER HARVARD ONE FINANCIAL<br>STORAGE FOR DECEMBER 2010 | 50.00 |
| 12/30/10 Check: 10108 | 92000235893266 | WELSH COMPANIES LLC<br>STORAGE FOR JANUARY 2011 | 50.00 |
| | | | 750.00 |

**2990-000 Other Chapter 7 Administrative Expenses**

| | | | |
|---|---|---|---:|
| 06/30/09 Check: 1002 | 312235893265 | KROLL ONTRACK<br>COSTS FOR COPY OF DATA | 205.00 |
| 09/04/09 Check: 1003 | 312235893265 | AARON REPORTING<br>341 TRANSCRIPT (129 PAGES @ $5.50 PER PAGE) | 709.50 |
| 01/08/10 Check: 1004 | 312235893265 | ADP<br>W2 PREPARATION FOR YEAR 2009 | 487.90 |
| 02/17/10 Check: 1005 | 312235893265 | ADP<br>ADDITIONAL AMOUNT OWING FOR W2 PREPARATION AND PAYROLL RETURNS FOR YEAR 2009 | 2,461.60 |
| 03/03/10 Check: 1006 | 312235893265 | US BANK<br>STATEMENT COPIES AND DEPOSIT/CHECK COPIES | 516.00 |
| 04/20/10 Check: 11007 | 92000235893265 | US BANK<br>COPIES OF DOCUMENTS | 175.00 |
| 05/17/10 Check: 10101 | 92000235893266 | US BANK<br>COPIES OF CHECKS | 1,557.00 |
| | | | 6,112.00 |

# Receipts and Disbursements
## By Ledger Category

**Case:**    LGI ENERGY SOLUTIONS, INC. (09-40665)

**Trustee:**    John R. Stoebner  (430050)

**Submitted:** 01/04/11

**Period:**    Through 01/04/11

| | | |
|---|---|---:|
| | Total for 2000 | 7,168.93 |

### 8000 FUNDS PAID TO DEBTOR/THIRD PARTIES

**8500-002 Funds Paid to Third Parties [Non-Compensable]**

| | | | | |
|---|---|---|---|---:|
| 09/01/10 Check: 11008 | 92000235893265 | CROCKETT TECHNOLOGIES | | 4,000.00 |
| | | REFUND OF MONEY DEPOSITED FOR PURCHASE OF ASSETS WHICH WERE EVENTUALLY SOLD TO ANOTHER PARTY | | |

| | | |
|---|---|---:|
| | Total for 8000 | 4,000.00 |

| | |
|---|---:|
| **Total Disbursements:** | **236,418.93** |

**EXHIBIT E**

# Receipts and Disbursements
## By Ledger Category

**Case:**      LGI DATA SOLUTIONS, LLC (09-40666)
**Trustee:**    John R. Stoebner (430050)
**Submitted:** 01/04/11
**Period:**     Through 01/04/11

# Receipts

## 1000 RECEIPTS

**1129-000  Liquidation of Other Schedule B Personal Property (not listed above)**

| | | | | |
|---|---|---|---|---:|
| 06/24/09 Deposit: 100001-1 | 312252180865 | M&I BANK | | 39,073.60 |
| | | CLOSE OUT OF ACCOUNT ENDING 3105 | | |

**1149-000  Other Litigation/Settlements (originally scheduled)**

| | | | |
|---|---|---|---:|
| 12/31/09 Deposit: 100002-1 | 312252180865 | OFFICE OF THE SHERIFF, HENNEPIN COUNTY, MINNESOTA | 25,000.00 |
| | | SETTLEMENT OF ADV | |

**1270-000  Interest Income (from estate bank accounts/investments - only)**

| | | | |
|---|---|---|---:|
| 06/30/09 Interest: 1 | 312252180865 | JPMORGAN CHASE BANK, N.A. | 0.26 |
| | | Interest posting at 0.0500% | |
| 07/31/09 Interest: 2 | 312252180865 | JPMORGAN CHASE BANK, N.A. | 1.64 |
| | | Interest posting at 0.0500% | |
| 08/31/09 Interest: 3 | 312252180865 | JPMORGAN CHASE BANK, N.A. | 1.64 |
| | | Interest posting at 0.0500% | |
| 09/30/09 Interest: 4 | 312252180865 | JPMORGAN CHASE BANK, N.A. | 1.58 |
| | | Interest posting at 0.0500% | |
| 10/30/09 Interest: 5 | 312252180865 | JPMORGAN CHASE BANK, N.A. | 1.58 |
| | | Interest posting at 0.0500% | |
| 11/30/09 Interest: 6 | 312252180865 | JPMORGAN CHASE BANK, N.A. | 1.63 |
| | | Interest posting at 0.0500% | |
| 12/31/09 Interest: 7 | 312252180865 | JPMORGAN CHASE BANK, N.A. | 1.63 |
| | | Interest posting at 0.0500% | |
| 01/29/10 Interest: 8 | 312252180865 | JPMORGAN CHASE BANK, N.A. | 2.37 |
| | | Interest posting at 0.0500% | |
| 02/26/10 Interest: 9 | 312252180865 | JPMORGAN CHASE BANK, N.A. | 2.42 |
| | | Interest posting at 0.0500% | |
| 03/16/10 Interest: 10 | 312252180865 | JPMORGAN CHASE BANK, N.A. | 1.47 |
| | | Current Interest Rate is 0.0500% | |
| 03/31/10 Interest: 2 | 92000252180865 | The Bank of New York Mellon | 1.95 |
| | | Interest posting at 0.0700% | |
| 04/30/10 Interest: 3 | 92000252180865 | The Bank of New York Mellon | 3.67 |
| | | Interest posting at 0.0700% | |
| 05/28/10 Interest: 4 | 92000252180865 | The Bank of New York Mellon | 3.65 |
| | | Interest posting at 0.0700% | |
| 06/30/10 Interest: 5 | 92000252180865 | The Bank of New York Mellon | 3.37 |
| | | Interest posting at 0.0700% | |
| 07/30/10 Interest: 6 | 92000252180865 | The Bank of New York Mellon | 3.48 |
| | | Interest posting at 0.0700% | |
| 08/31/10 Interest: 7 | 92000252180865 | The Bank of New York Mellon | 3.48 |
| | | Interest posting at 0.0700% | |



**EXHIBIT**

E

# Receipts and Disbursements
## By Ledger Category

**Case:**     LGI DATA SOLUTIONS, LLC (09-40666)

**Trustee:**   John R. Stoebner  (430050)

**Submitted:** 01/04/11

**Period:**    **Through 01/04/11**

| | | | |
|---|---|---|---:|
| 09/30/10 Interest: 8 | 92000252180865 | The Bank of New York Mellon Interest posting at 0.0300% | 1.44 |
| 10/29/10 Interest: 9 | 92000252180865 | The Bank of New York Mellon Interest posting at 0.0300% | 1.49 |
| 11/30/10 Interest: 1 | 92000252180819 | The Bank of New York Mellon Interest posting at 0.0300% | 1.19 |
| 11/30/10 Interest: 10 | 92000252180865 | The Bank of New York Mellon Interest posting at 0.0100% | 0.11 |
| 12/31/10 Interest: 2 | 92000252180819 | The Bank of New York Mellon Interest posting at 0.0300% | 1.27 |
| 12/31/10 Interest: 11 | 92000252180865 | The Bank of New York Mellon Interest posting at 0.0100% | 0.07 |

|  |  |
|---|---:|
| | 41.39 |
| **Total for 1000** | **64,114.99** |

| | |
|---|---:|
| **Total Receipts:** | **64,114.99** |

# Disbursements

## 2000 CH. 7 ADMINISTRATIVE FEES AND EXPENSES

**2300-000  Bond Payments**

| | | | |
|---|---|---|---:|
| 06/17/10 Check: 102 | 92000252180866 | INTERNATIONAL SURETIES, LTD. BOND PREMIUM PAYMENT ON LEDGER BALANCE AS OF 06/17/2010 FOR CASE #09-40666, BOND # 016018054 (6/1/10 TO 6/1/11) | 61.94 |

**2410-000  Admin. Rent (post-petition storage fees, leases, etc.)**

| | | | |
|---|---|---|---:|
| 06/18/10 Check: 103 | 92000252180866 | BEHRINGER HARVARD ONE FINANCIAL STORAGE FOR NOVEMBER AND DECEMBER 2009, AND JAN, FEB, MARCH, APRIL, MAY, JUNE, JULY 2010 | 450.00 |
| 09/08/10 Check: 104 | 92000252180866 | BEHRINGER HARVARD ONE FINANCIAL STORAGE FOR AUGUST AND SEPTEMBER 2010 | 100.00 |
| 09/30/10 Check: 105 | 92000252180866 | BEHRINGER HARVARD ONE FINANCIAL STORAGE FOR OCTOBER 2010 | 50.00 |
| 10/27/10 Check: 106 | 92000252180866 | BEHRINGER HARVARD ONE FINANCIAL STORAGE FOR NOVEMBER 2010 | 50.00 |
| 11/24/10 Check: 107 | 92000252180866 | BEHRINGER HARVARD ONE FINANCIAL STORAGE FOR DECEMBER 2010 | 50.00 |
| 12/30/10 Check: 108 | 92000252180866 | WELSH COMPANIES LLC STORAGE FOR JANUARY 2011 | 50.00 |

|  |  |
|---|---:|
| | 750.00 |

# Receipts and Disbursements
## By Ledger Category

**Case:**     LGI DATA SOLUTIONS, LLC (09-40666)

**Trustee:**    John R. Stoebner (430050)

**Submitted:** 01/04/11

**Period:**     Through 01/04/11

---

**2700-000 Clerk of the Court Costs (includes adversary and other filing fees)**

| | | | | |
|---|---|---|---|---:|
| 08/20/09 Check: 1001 | 312252180865 | U.S. BANKRUPTCY COURT | | 250.00 |
| | | FILING FEE FOR ADVERSARY PROCEEDING V. BUFFETS INC | | |
| | | ET AL ADV 09-04196 | | |

**2990-000 Other Chapter 7 Administrative Expenses**

| | | | | |
|---|---|---|---|---:|
| 09/04/09 Check: 1002 | 312252180865 | AARON REPORTING | | 99.00 |
| | | 341 TRANSCRIPT (18 PAGES AT $5.50 PER PAGE) | | |
| 04/20/10 Check: 11003 | 92000252180865 | US BANK | | 175.00 |
| | | COPIES OF DOCUMENTS | | |
| 05/17/10 Check: 101 | 92000252180866 | US BANK | | 1,557.00 |
| | | COPIES OF CHECKS | | |

                                                        1,831.00

                                   **Total for 2000**      **2,892.94**

| **Total Disbursements:** | **2,892.94** |
|---|---:|

**EXHIBIT F-1**

M&I MARSHALL & ILSLEY BANK
P O BOX 2045
MILWAUKEE WI 53201-2045
www.mibank.com

██████3105          Page 1 of 1
       ██████3105          PAGE

Call 414-259-9929
or 1-888-464-5463
For 24-Hour Account
Information or
Current Rates

LGI ENERGY SOLUTIONS INC
CUSTOMER PAYABLE FUNDING ACCOUNT
111 CHESHIRE LN # 400
MINNETONKA MN 55305-2337

Statement Closing Date
August 31, 2008

COMMERCIAL Account no.████3105                    .Analysis Type: 51480
CHECKING

Activity on your account

| Date | Deposits | Checks/Charges | Description |
|---|---|---|---|
| Aug 29 | 6,304.63 | | 'AUTOMATIC TRANSFER  ⁄  00000000000000 TRANSFER FROM DEPOSIT SYSTEM ACCOUNT 0045843127 |
| | 6,304.63 | 0.00 | Totals |

Average Ledger Balance     610.13

Beginning Balance          0.00          Ending Balance     6,304.63

Daily Balances

Jul 31     0.00          Aug 29   6,304.63

M&I 00006
ref: 14198.726

**EXHIBIT F-2**


                                        Call 414-259-9929
                                        or 1-888-464-5463
                                        For 24-Hour Account
                                          Information or
DATA SOLUTIONS                              Current Rates
CUSTOMER PAYABLE FUNDING ACCOUNT
111 CHESHIRE LN # 400                   Statement Closing Date
MINNETONKA MN 55305-2337                  September 30, 2008

EFFECTIVE NOVEMBER 1, 2008, IF YOU MAKE AN INTERNATIONAL TRANSACTION USING
YOUR ATM OR CHECK CARD YOU WILL BE ASSESSED A 1% INTERNATIONAL SERVICE
ASSESSMENT FEE.

COMMERCIAL Account no. 3105                Analysis Type: 51480
CHECKING

Activity on your account

| Date | Deposits | Checks/Charges | Description |
|------|----------|----------------|-------------|
| Sep 2 | 3,333.04 | | 'AUTOMATIC TRANSFER    00000000000000 TRANSFER FROM DEPOSIT SYSTEM ACCOUNT 0045843127 |
| Sep 4 | 2,518.46 | | 'AUTOMATIC TRANSFER    00000000000000 TRANSFER FROM DEPOSIT SYSTEM ACCOUNT 0045843127 |
| Sep 9 | 9,705.42 | | 'AUTOMATIC TRANSFER    00000000000000 TRANSFER FROM DEPOSIT SYSTEM ACCOUNT 0045843127 |
| Sep 11 | 1,478.75 | | 'AUTOMATIC TRANSFER    00000000000000 TRANSFER FROM DEPOSIT SYSTEM ACCOUNT 0045843127 |
| Sep 15 | 971.32 | | 'AUTOMATIC TRANSFER    00000000000000 TRANSFER FROM DEPOSIT SYSTEM ACCOUNT 0045843127 |
| Sep 17 | | 725.69 | 'AUTOMATIC TRANSFER    00000000000000 TRANSFER TO DEPOSIT SYSTEM ACCOUNT 0045843116 |
| Sep 18 | 1,723.81 | | 'AUTOMATIC TRANSFER    00000000000000 TRANSFER FROM DEPOSIT SYSTEM ACCOUNT 0045843127 |
| | | 320.72 | 'AUTOMATIC TRANSFER    00000000000000 TRANSFER TO DEPOSIT SYSTEM ACCOUNT 0045843116 |
| Sep 19 | 20,927.52 | | 'DIRECT DEPOSIT    91000014517842 MV Holding-compa LGI ENERGY SOLUTIO NS I  AP PAYMENT 080919 |

**M&I 00007**
**ref: 14198.726**

3105

■■■3105

Activity on your account

| Date | Deposits | Checks/Charges | Description |
|------|----------|----------------|-------------|
|  |  | 7,798.50 | 'AUTOMATIC TRANSFER    00000000000000 TRANSFER TO DEPOSIT SYSTEM ACCOUNT 0045843116 |
| Sep 22 | 18,480.60 |  | 'AUTOMATIC TRANSFER    00000000000000 TRANSFER FROM DEPOSIT SYSTEM ACCOUNT 0045843127 |
|  |  | 416.66 | 'AUTOMATIC TRANSFER    00000000000000 TRANSFER TO DEPOSIT SYSTEM ACCOUNT 0045843116 |
| Sep 23 |  | 4,015.76 | 'AUTOMATIC TRANSFER    00000000000000 TRANSFER TO DEPOSIT SYSTEM ACCOUNT 0045843116 |
| Sep 24 |  | 7,602.46 | 'AUTOMATIC TRANSFER    00000000000000 TRANSFER TO DEPOSIT SYSTEM ACCOUNT 0045843116 |
| Sep 25 | 2,565.29 |  | 'AUTOMATIC TRANSFER    00000000000000 TRANSFER FROM DEPOSIT SYSTEM ACCOUNT 0045843127 |
|  |  | 499.92 | 'AUTOMATIC TRANSFER    00000000000000 TRANSFER TO DEPOSIT SYSTEM ACCOUNT 0045843116 |
| Sep 26 |  | 11,472.90 | 'AUTOMATIC TRANSFER    00000000000000 TRANSFER TO DEPOSIT SYSTEM ACCOUNT 0045843116 |
| Sep 29 | 6,116.50 |  | 'AUTOMATIC TRANSFER    00000000000000 TRANSFER FROM DEPOSIT SYSTEM ACCOUNT 0045843127 |
|  | 69,752.06 |  | 'DIRECT DEPOSIT    91000011360045 MV Holding-compa LGI ENERGY SOLUTIO NS I  AP PAYMENT 080929 |
|  |  | 8,718.38 | 'AUTOMATIC TRANSFER    00000000000000 TRANSFER TO DEPOSIT SYSTEM ACCOUNT 0045843116 |
| Sep 30 | 13,522.02 |  | 'DIRECT DEPOSIT    91000013346193 MV Holding-compa LGI ENERGY SOLUTIO NS I  AP PAYMENT 080930 |
|  |  | 1,144.16 | 'AUTOMATIC TRANSFER    00000000000000 TRANSFER TO DEPOSIT SYSTEM ACCOUNT 0045843116 |
|  | 151,094.79 | 42,715.15 | Totals |

Average Ledger Balance  31,899.92

Beginning Balance     6,304.63          Ending Balance    114,684.27

Daily Balances

| | | | | | |
|------|----------|--------|----------|--------|-----------|
| Aug 31 | 6,304.63 | Sep 17 | 23,585.93 | Sep 25 | 46,629.13 |
| Sep 2 | 9,637.67 | Sep 18 | 24,989.02 | Sep 26 | 35,156.23 |
| Sep 4 | 12,156.13 | Sep 19 | 38,118.04 | Sep 29 | 102,306.41 |
| Sep 9 | 21,861.55 | Sep 22 | 56,181.98 | Sep 30 | 114,684.27 |
| Sep 11 | 23,340.30 | Sep 23 | 52,166.22 | | |
| Sep 15 | 24,311.62 | Sep 24 | 44,563.76 | | |

**M&I 00008**
**ref: 14198.726**

**EXHIBIT G-1**

M&I MARSHALL & ILSLEY BANK
P O BOX 2045
MILWAUKEE WI 53201-2045
www.mibank.com

Call 414-259-9929
or 1-888-464-5463
For 24-Hour Account
Information or
Current Rates

Statement Closing Date
August 31, 2008

LGI ENERGY SOLUTIONS INC
CUSTOMER CHECK ACCOUNT
111 CHESHIRE LN # 400
MINNETONKA MN 55305-2337

COMMERCIAL Account no.     3116                    Analysis Type: 51480
CHECKING

Activity on your account

| Date | Deposits | Checks/Charges | Description |
|------|----------|----------------|-------------|
| No Activity This Statement Period | | | |
| Average Ledger Balance | 0.00 | | |
| Beginning Balance | 0.00 | Ending Balance | 0.00 |

**M&I 00037**
**ref: 14198.726**

**EXHIBIT G-2**

M&I MARSHALL & ILSLEY BANK
P O BOX 2045
MILWAUKEE WI 53201-2045
www.mibank.com



Call 414-259-9929
or 1-888-464-5463
For 24-Hour Account
Information or
Current Rates

DATA SOLUTIONS
CUSTOMER CHECK ACCOUNT
111 CHESHIRE LN # 400
MINNETONKA MN 55305-2337

Statement Closing Date
September 30, 2008

EFFECTIVE NOVEMBER 1, 2008, IF YOU MAKE AN INTERNATIONAL TRANSACTION USING
YOUR ATM OR CHECK CARD YOU WILL BE ASSESSED A 1% INTERNATIONAL SERVICE
ASSESSMENT FEE.

COMMERCIAL Account no. ●●●3116
CHECKING

Analysis Type: 51480

## Activity on your account

| Date | Deposits | Checks/Charges | Description | |
|------|----------|----------------|-------------|---|
| Sep 29 | | 122.89 | CHECK | 3 | 00006267576423 |
| Sep 17 | | 693.63 | CHECK | 4 | 00006266935553 |
| Sep 18 | | 192.13 | CHECK | 5 | 00006267011063 |
| Sep 17 | | 32.06 | CHECK | 6 | 00006266940231 |
| Sep 22 | | 3.60 | CHECK | 6* | 00006267129466 |
| Sep 18 | | 128.59 | CHECK | 7 | 00006267004327 |
| Sep 25 | | 309.48 | CHECK | 7* | 00006267419549 |
| | | 157.02 | CHECK | 8 | 00006267419550 |
| Sep 22 | | 270.66 | CHECK | 9 | 00006267129427 |
| Sep 19 | | 598.00 | CHECK | 10 | 00006267068136 |
| Sep 23 | | 102.66 | CHECK | 11 | 00006267275608 |
| | | 526.41 | CHECK | 12 | 00006267280819 |
| | | 850.56 | CHECK | 13 | 00006267280818 |
| Sep 26 | | 346.84 | CHECK | 14 | 00006267485057 |
| Sep 29 | | 99.38 | CHECK | 15 | 00006267545400 |
| Sep 26 | | 203.74 | CHECK | 16 | 00006267478918 |
| Sep 19 | | 7.77 | CHECK | 17 | 00006267071436 |
| Sep 24 | | 37.98 | CHECK | 18 | 00006267353162 |
| Sep 19 | | 2,906.86 | CHECK | 19 | 00006267071775 |
| Sep 24 | | 25.36 | CHECK | 20 | 00006267351227 |
| | | 33.31 | CHECK | 21 | 00006267351226 |
| Sep 23 | | 665.28 | CHECK | 22 | 00006267274281 |
| Sep 26 | | 122.83 | CHECK | 23 | 00006267478916 |
| Sep 19 | | 41.21 | CHECK | 24 | 00006267072592 |
| | | 27.79 | CHECK | 25 | 00006267072591 |
| Sep 22 | | 57.78 | CHECK | 26 | 00006267135850 |
| | | 42.63 | CHECK | 27 | 00006267168330 |
| Sep 26 | | 202.31 | CHECK | 29* | 00006267478917 |
| Sep 25 | | 9.40 | CHECK | 30 | 00006267415097 |

████ 3116

████ 3116

Activity on your account

| Date | Deposits | Checks/Charges | Description | |
|---|---|---|---|---|
| Sep 24 | | 777.80 | CHECK 31 | 00006267356525 |
| Sep 19 | | 1,021.35 | CHECK 32 | 00006267071773 |
| Sep 24 | | 163.33 | CHECK 33 | 00006267349699 |
| Sep 19 | | 3,195.52 | CHECK 34 | 00006267071774 |
| Sep 25 | | 24.02 | CHECK 35 | 00006267417154 |
| Sep 24 | | 4,262.97 | CHECK 36 | 00006267356718 |
| Sep 26 | | 852.69 | CHECK 37 | 00006267479731 |
| Sep 22 | | 41.99 | CHECK 38 | 00006267139767 |
| Sep 24 | | 1,566.05 | CHECK 39 | 00006267354817 |
| | | 55.04 | CHECK 40 | 00006267349573 |
| Sep 23 | | 1,720.94 | CHECK 41 | 00006267276375 |
| Sep 24 | | 680.62 | CHECK 42 | 00006267356524 |
| Sep 30 | | 1,133.08 | CHECK 43 | 00006267688376 |
| Sep 23 | | 78.82 | CHECK 45* | 00006267274019 |
| | | 71.09 | CHECK 46 | 00006267279795 |
| Sep 30 | | 11.08 | CHECK 47 | 00006267686378 |
| Sep 29 | | 3,081.90 | CHECK 52* | 00006267568892 |
| Sep 26 | | 3,169.78 | CHECK 53 | 00006267481477 |
| | | 3,385.08 | CHECK 54 | 00006267481476 |
| Sep 29 | | 2,579.99 | CHECK 55 | 00006267568891 |
| | | 2,834.22 | CHECK 56 | 00006267568890 |
| Sep 26 | | 3,189.63 | CHECK 57 | 00006267481475 |
| Sep 17 | 725.69 | | 'AUTOMATIC TRANSFER TRANSFER FROM DEPOSIT SYSTEM ACCOUNT 0045843105 | 00000000000000 |
| Sep 18 | 320.72 | | 'AUTOMATIC TRANSFER TRANSFER FROM DEPOSIT SYSTEM ACCOUNT 0045843105 | 00000000000000 |
| Sep 19 | 7,798.50 | | 'AUTOMATIC TRANSFER TRANSFER FROM DEPOSIT SYSTEM ACCOUNT 0045843105 | 00000000000000 |
| Sep 22 | 416.66 | | 'AUTOMATIC TRANSFER TRANSFER FROM DEPOSIT SYSTEM ACCOUNT 0045843105 | 00000000000000 |
| Sep 23 | 4,015.76 | | 'AUTOMATIC TRANSFER TRANSFER FROM DEPOSIT SYSTEM ACCOUNT 0045843105 | 00000000000000 |
| Sep 24 | 7,602.46 | | 'AUTOMATIC TRANSFER TRANSFER FROM DEPOSIT SYSTEM ACCOUNT 0045843105 | 00000000000000 |
| Sep 25 | 499.92 | | 'AUTOMATIC TRANSFER TRANSFER FROM DEPOSIT SYSTEM ACCOUNT 0045843105 | 00000000000000 |
| Sep 26 | 11,472.90 | | 'AUTOMATIC TRANSFER TRANSFER FROM DEPOSIT SYSTEM ACCOUNT 0045843105 | 00000000000000 |
| Sep 29 | 8,718.38 | | 'AUTOMATIC TRANSFER TRANSFER FROM DEPOSIT SYSTEM ACCOUNT 0045843105 | 00000000000000 |
| Sep 30 | 1,144.16 | | 'AUTOMATIC TRANSFER. TRANSFER FROM DEPOSIT SYSTEM ACCOUNT 0045843105 | 00000000000000 |

3116

3116

Activity on your account

| Date | Deposits | Checks/Charges | Description |
|------|----------|----------------|-------------|
|      | 42,715.15 | 42,715.15 | Totals |

Average Ledger Balance      0.00

Beginning Balance      0.00      Ending Balance      0.00

Daily Balances

| Aug 31 | 0.00 | Sep 22 | 0.00 | Sep 26 | 0.00 |
|--------|------|--------|------|--------|------|
| Sep 17 | 0.00 | Sep 23 | 0.00 | Sep 29 | 0.00 |
| Sep 18 | 0.00 | Sep 24 | 0.00 | Sep 30 | 0.00 |
| Sep 19 | 0.00 | Sep 25 | 0.00 |        |      |

**M&I 00040**
**ref: 14198.726**

**EXHIBIT H**

**DUPLICATE PROOF OF CLAIMS FILED IN
LGI ENERGY SOLUTIONS, INC. (BKY NO. 09-40665)
AND
LGI DATA SOLUTIONS, INC. (BKY NO. 09-40666)**

A review of the claims filed in the two cases show a number of duplicate claims in each of the cases. The following is a summary of the claims filed in Data and the corresponding claim filed in the Energy case. As of January 5, 2011, a total of 10 claims were filed in Data, with total claims in the amount of $9,794,201.84, and a total of 85 claims were filed in Energy, with total claims in the amount of $17,959,569.59.

The following is a summary of the claims in Data and the corresponding claim in the Energy case:

| Name | Data | Energy | Comments |
|---|---|---|---|
| Edward Carney | POC #1 in the amount of $585,564.00 | POC #6 in the amount of $585,564.00 | These claims are duplicate claims; both of them show the name of the debtor as LGI Energy Solutions. The attachments to the POCs show that the Ed Carney contract was with LGI Energy Solutions. |
| M&I Marshall & Ilsley Bank | POC #2 in the amount of $54,348.75 | POC #61 in the amount of $3,418,461.19 | The claim filed in Data is simply for attorney's fees billed to M&I Bank by the Leonard Street law firm relating to the Buffets and Buffalo Wild Wings, Inc. litigation. The claim filed in the Energy case relates to the balance due and owing under the Loan Agreement with Energy. |
| Dean Leischow | POC #3 in the amount of $0  Withdrawn 11/23/10 | POC #65 in the amount of $0  Withdrawn 11/23/10 | These claims are duplicate claims. The two claims are identical except for the name of the debtor; they request indemnification for costs/attorney's fees, liability with respect to various litigation listed on the Exhibit A. |
| Buffalo Wild Wings, Inc. | POC #4 in the amount of $590,000.00 | POC #69 in the amount of $590,000.00 | These are duplicate claims. |
| Boddie Noell Enterprises | POC #5 in the amount of $25,276.62 | POC #70 in the amount of $25,276.62 | These are duplicate claims and are for the attorney's fees incurred with respect to preparing the involuntary petition and the schedules for both cases. |
| Boddie Noelle Enterprises | POC #6 in the amount of $947,999.61 | POC #62 in the amount of $947,999.61 | These are duplicate claims. On page 2 of each claim in paragraph 2, it states that the claimant contracted with LGI Energy Solutions, Inc. |

| | | | |
|---|---|---|---|
| Wendy's International | POC #7 in the amount of $3,030,266.00 | POC #78 in the amount of $3,030,266.00 | These are duplicate claims. The POCs look virtually identical except the names of the debtors are different. On Page 2 of the Data POC is the following language: **"LGI may have transferred some or all of the above described funds to the debtor. As such Wendy's filed these claims against the debtor as a protective matter."** |
| Buffets, Inc. | POC #8 in the amount of $4,232,391.66 | POC #82 in the amount of $4,232,391.66 | These are duplicate claims. They both attach a copy of the Buffets Complaint that was originally filed in Hennepin County District Court, and names both Energy and Data as defendants. |
| Ulta Salon, Cosmetics & Fragrance, Inc. | POC #9 in the amount of $307,731.88 | POC #83 in the amount of $307,731.88 | These are duplicate claims. Page 2 of each POC references the contract between the claimant and LGI Energy which is attached. |
| BHI Advanced Internet Inc. | POC #10 in the amount of $20,633.32 | POC #84 in the amount of $20,633.32 | These are duplicate claims. The attachments to the POC show an invoice to LGI Energy Solutions. |

**EXHIBIT I**

 

WELCOME TO THE OFFICE OF THE

**Minnesota**
**Secretary of State** Online Access

DA Home   UCC   **Business Services**   Account   Session Briefcase   Help/FAQs   About   Login

**BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY**

| | | | |
|---|---|---|---|
| **Filing Number:** | 2757855-2 | **Entity Type:** | Limited Liability Company |
| **Original Date of Filing:** | 3/11/2008 | **Entity Status:** | Active |
| **Entity Date to Expire:** | | **Chapter:** | 322B |
| **Good Standing:** | | | |
| **(date of last annual filing)** | | | |

| | |
|---|---|
| **Name:** | LGI Data Solutions Company, LLC |
| **Registered Office Address:** | 111 Cheshire Ln #400 |
| | Mtka, MN, 55305 |
| **Home State:** | MN |
| | |
| **Agent Name:** | No Agent Filed |

[Additional Entity Detail]    [Return to Search List]    [New Search]

---

Use of this site and services indicates your acceptance of the Terms & Conditions of Use.
©Copyright 2001 , Minnesota Office of the Secretary of State. All Rights Reserved.

| In re: | Chapter 7 |
|---|---|
| LGI Energy Solutions, Inc., | Bky. Case No. 09-40665-RJK |
| and | |
| LGI Data Solutions Company, LLC, | Bky. Case No. 09-40666-RJK |
| Debtors. | |

## MEMORANDUM IN SUPPORT OF MOTION FOR
## SUBSTANTIVE CONSOLIDATION OF CASES

John R. Stoebner (the "Trustee), the Trustee of the above Chapter 7 bankruptcy estates, submits this Memorandum in support of his Motion for Substantive Consolidation of the above two cases.

### FACTUAL BACKGROUND

The factual support for the Motion is set forth in the verified Motion.

### LEGAL ANALYSIS

The Trustee requests that the Court enter an Order substantively consolidating the bankruptcy estates of the above two Debtors. Substantive consolidation is mentioned in Bankruptcy Rule 1015 and is an equitable remedy under 11 U.S.C. §105(a). Substantive consolidation results in a single estate from which all claims are paid according to the priorities set forth in the Bankruptcy Code. The Eighth Circuit found substantive consolidation appropriate in ***In re Giller***, 962 F.2d.796 (8th Cir. 1992). In the ***Giller*** case, the Court consolidated the cases of the six corporate debtors which shared common shareholders. The Eighth Circuit also addressed substantive consolidation in ***In re Midwest Agri Development***

___Corp.___ 369 B.R. 408, 411 (8th Cir. 2007), where the Court stated:

> "In cases involving significant amounts of debt between related companies, and difficult accounting questions resulting from such transfers, courts are often asked to substantively consolidate the related companies, so that creditors of all of them can make claims against the combined assets. Substantive consolidation is appropriate where the intercompany claims are impossible to determine, or where the accounting expense in doing so would be prohibitive. Alternatively, piercing the corporate veil is sometimes an appropriate mechanism for reaching a subsidiary's funds in the hands of a parent when the entities' assets and liabilities are commingled". (Footnotes omitted).

In addressing the issue of substantive consolidation, many Courts have identified and considered seven factors. See ___Holywell Corp. v. Bank of New York___, 59 B.R. 340, 347 (S.D. Fla. 1986); ___In Re Murray Industries, Inc.___, 119 B.R. 820, 830 (Bankr.M.D.Fla. 1990); ___In re Gainesville P-H Properties, Inc.___, 106 B.R. 304, 305-06 (Bankr.M.D.Fla. 1989); ___In re Affiliated Foods, Inc.___ 249 B.R. 770, 776 (Bank.W.D. Mo. 2000). These seven factors (not all of which must be found to support consolidation) are:

(1)    The presence or absence of consolidated financial statements;

(2)    The unity of interests and ownership between various corporate entities;

(3)    The existence of parent and intercorporate guarantees on loans;

(4)    The degree of difficulty in segregating and ascertaining individual assets and liabilities;

(5)    The existence of transfers of assets without formal observance of corporate formalities;

(6)    The commingling of assets and business functions; and

(7)    The profitability of consolidation at a single physical location.

See also ___In Re Augie/Restivo Baking Company, Ltd.___ 860 F.2d 515, 518 (2nd Cir. 1988), where the Court discussed what it determined to be the two critical factors to review: (1) whether creditors dealt with the entities as a single economic unit and "did not rely on their separate

identity in extending credit" or (2) whether the affairs of the debtors are still entangled that consolidation will benefit all creditors.

As demonstrated by the facts outlined in the verified motion, Data has never filed a tax return (other than the return filed by the Trustee for 2009) and had no business or operations independent of Energy. Data is in essence the alter ego of Energy, with no separate accounting records. Other factors that weigh in favor consolidation include: 1) the two entities were treated as one, 2) both entities are 100% owned by the same individual, Dean L. Leischow, 3) all of the claims filed in Data are also filed in Energy and are duplicate claims (with the exception with the claim filed by the secured creditor, M&I Bank), and 4) all of the assets in the Data case are properly assets in the Energy case where the source of the Data assets, are funds from Energy bank accounts, which accounts were transferred from Energy to Data within the year prior to the filing of the Petition.

## CONCLUSION

Based on the Trustee's review and analysis of the situation with respect to these two cases, and a review of the caselaw, the Trustee respectfully requests that the Court issue an Order substantively consolidating the Chapter 7 proceedings of LGI Energy Solutions, Inc. and LGI Data Solutions Company, LLC.

Dated: January 7, 2011                     LAPP, LIBRA, THOMSON,
                                           STOEBNER & PUSCH, CHARTERED

                                           */e/ Rosanne H. Wirth*
                                           Rosanne H. Wirth (#0137479)
                                           One Financial Plaza, Suite 2500
                                           120 South Sixth Street
                                           Minneapolis, MN  55402
                                           (612) 338-5815

                                           ATTORNEYS FOR TRUSTEE

3

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Chapter 7 |
| LGI Energy Solutions, Inc., | Bky. Case No. 09-40665-RJK |
| and | |
| LGI Data Solutions Company, LLC, | Bky. Case No. 09-40666-RJK |
| Debtors. | |

## UNSWORN CERTIFICATE OF SERVICE

I, Danielle E. Bolf, declare under penalty of perjury that on January 7, 2011, I served copies of the following documents: **NOTICE OF HEARING AND MOTION FOR SUBSTANTIVE CONSOLIDATION OF CASES, MEMORANDUM IN SUPPORT OF MOTION FOR SUBSTANTIVE CONSOLIDATION OF CASES, AND PROPOSED ORDER**

electronically by Notice of Electronic Filing upon all parties who have requested service in these cases by filing the same via ECF with the Bankruptcy Court in the District of Minnesota.

Executed on: January 7, 2011                /e/ Danielle E. Bolf
                                          Danielle E. Bolf, Legal Assistant
                                          Lapp, Libra, Thomson, Stoebner
                                          & Pusch, Chartered
                                          120 South Sixth Street, Suite 2500
                                          Minneapolis, MN 55402
                                          612/338-5815

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Chapter 7 |
| LGI Energy Solutions, Inc., | Bky. Case No. 09-40665-RJK |
| and | |
| LGI Data Solutions Company, LLC, | Bky. Case No. 09-40666-RJK |
| Debtors. | |

## ORDER

This case is before the court on the motion of the trustee for substantive consolidation of the above cases.

Based on the motion and the file,

IT IS ORDERED:

1.     The above cases of LGI Energy Solutions, Inc. and LGI Data Solutions Company, LLC are substantively consolidated.

2.     The court finds that notice given by the trustee is sufficient.


Dated:                                          _____
                                                         Robert J. Kressel
                                                         United States Bankruptcy Judge